STEPHEN RYDER, Respondent, *v.* THE BROOKLYN ELEVATED RAILROAD COMPANY, Appellant.

*Elevated railroad — damage to easements — weight of expert testimony.*

In an action brought against an elevated railroad company by an abutting property owner to recover rental and fee damages the only testimony introduced by the plaintiff as to value was that of one expert witness, who testified that the rental and fee values had fallen since the construction of the road. Opposed to this testimony was that of four expert witnesses, called by the defendant, who testified in substance that both the rental and fee value of the

property had increased since the construction of the road, and five specific pieces of property near that of the plaintiff were shown to rent for more at the time of the trial than before the road was built, and several pieces of property in the immediate neighborhood of the premises in question were also shown to have sold for a higher price since the construction of the road than before. *Held*, that as the case rested wholly upon expert evidence the decided weight of testimony was upon the side of the defendant, and, as the burden rested upon the plaintiff to make out his case by a fair preponderance of the testimony, a judgment entered in his favor should be reversed.

APPEAL by the defendant, The Brooklyn Elevated Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 31st day of January, 1895, upon the decision of the court rendered after a trial at the Kings County Special Term.

The action was brought by an abutting property owner to recover rental and fee damages sustained by reason of the construction and operation of an elevated railroad in the street in front of his premises.

*William H. Page, Jr.*, for the appellant.

*Francis R. Whitney*, for the respondent.

BROWN, P. J.:

We are of the opinion that the judgment appealed from is not sustained by the weight of evidence and should be reversed.

The property owned by the plaintiff is described as No. 379 Lexington avenue, and consisted of a lot 100 feet in depth, upon which there is a small frame building standing back some distance from the street and nearly fifty feet from the defendant's structure.

The railroad was constructed and in operation in the year 1888. The plaintiff was not called as a witness, and it does not appear who occupied the property during any portion of the period involved in the action, nor what the actual rents have been before or since the construction of the road. The respondent refers to the witness Baynard on this subject, but I understand the testimony of that witness on the subject of actual rents to refer to 367 Lexington avenue where he lived and not to the plaintiff's house.

The only testimony as to the rental or fee value introduced by the plaintiff was that of one expert witness, who testified that rental

values had fallen since the construction of the road from $22 to $16 per month, and fee values from $2,600 to $1,800.

Opposed to this testimony was that of four expert witnesses called by the defendant, who testified in substance that both the rental and fee value of the property had increased since the construction of the road, and five specific pieces of property near that of the plaintiff were shown to rent for more at the present time than before the road was built, and several pieces of property in the immediate neighborhood were also shown to have sold for a higher price since the construction of the road than before.

While it is true that the increase in value of the several properties might be due to other causes than the existence of the railroad or the general rise in value, it is equally true that if plaintiff's property has depreciated it may have done so from causes other than those to be referred to the railroad, and there is not a word of testimony in the case from which it can be inferred that if the value of the plaintiff's property has fallen it is the result of the existence and operation of the railroad.

The burden rested upon the plaintiff to make out his case by a fair preponderance of testimony. It was not sufficient for him to show only that his property had depreciated in value since the construction of the railroad. Very many causes may have operated to reduce the value of the property during the seven years that have elapsed since the railroad was first constructed, and it was incumbent upon the plaintiff to produce testimony from which the court could fairly infer that the loss was to be attributed to the defendant.

In the absence of any explanation why the plaintiff was not sworn as a witness we must infer that his testimony, if it had been given, would not have sustained his cause of action.

As the case was rested wholly upon expert evidence the decided weight of testimony is upon the side of the defendant.

The judgment must be reversed and a new trial granted, with costs to abide the event.

PRATT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, with costs to abide event.